UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US ACQUISITION, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>MARCHMONT, LLC, et al.,<br><br>        Defendants. | Civil No. 12-CV-1242 DMS (NLS)<br><br>**ORDER FOLLOWING SHOW CAUSE HEARING AND REPORT AND RECOMMENDATION FOR ORDER STRIKING ALL PLEADINGS BY DEFENDANT BENWARD AND DEFAULT ENTERED**<br><br>(Dkt. Nos. 43 and 65.) |

      On July 25, 2013, this Court issued an Order to Show Cause, directing Defendant Wallace Benward to appear and show cause as to why he should not be further sanctioned for failure to comply with an order of this court. (Dkt. No. 65.) The hearing was held on August 14, 2013, and Defendant did not appear. For the following reasons, this Court **RECOMMENDS** that **all pleadings** filed by Defendant Benward be stricken and his default entered.[1]

///

---

[1] Defendant's companies, Marchmont and Twin Development Company, have had their answers stricken and default entered because their counsel withdrew and the companies failed to obtain new counsel. Twin Development Company is now in bankruptcy and the case is stayed as to that entity only.

## I. FACTUAL BACKGROUND

On April 2, 2013, counsel for Plaintiff filed an ex parte motion for an order striking Defendant Benward's answer and entering his default, or in the alternative an order to compel him to respond to discovery demands and awarding monetary sanctions for attorney's fees. (Dkt. No. 37.) According to counsel, discovery demands were served on January 18, 2013, and despite attempts to communicate with Defendant, counsel had not received a response. (Dkt. No. 37-1.) A briefing schedule for the motion was issued, and Defendant did not file an opposition. (Dkt. No. 41.) On April 22, 2013, the undersigned issued an order granting the motion to compel and awarding sanctions in the form of attorney's fees. (Dkt. No. 42.) Plaintiff's counsel was instructed to file a declaration indicating whether Defendant had complied with the order. If Defendant had not complied, the undersigned would recommend to Judge Sabraw that his answer be stricken and default entered. *Id.*

On May 10, 2013, Plaintiff's counsel filed a declaration stating that responses were slipped under his door the day they were due, and they were non-compliant due to improper objections and incomplete answers. (Dkt. No. 43.) Counsel also stated that the sanctions award had not been paid. *Id.* This declaration was construed as a motion to compel further responses to discovery or, in the alternative, to strike Defendant's answer and enter his default. (Dkt. No. 44.) Defendant was ordered to file a response to the declaration, and a Show Cause hearing was set for Defendant's failure to comply with the Court's order to pay sanctions. *Id.* Plaintiff's counsel was directed to lodge the demands and their responses, and they were promptly submitted.

On May 29, 2013, Defendant filed a response to the declaration and filed a motion to disqualify Plaintiff's counsel. (Dkt. Nos. 51, 53, and 56.) In his response to the declaration, he stated that Plaintiff's counsel would not turn over the files he needs to respond to the discovery demands, and that the questions are unfair and unjust. (Dkt. No. 53 at 2.) Defendant asked that sanctions "be withheld by the court" until after the motion to disqualify counsel was heard. *Id.* The Show Cause hearing was vacated pending the

adjudication of the motion to disqualify counsel. On July 16, 2013, Judge Sabraw denied the motion to disqualify counsel. (Dkt. No. 64.) The Show Cause hearing was then reset for August 14, 2013. (Dkt. No. 65.)

## II.     DISCUSSION

If a party does not comply with a discovery order, a district court has the authority to "strike pleadings in whole or in part" and to "render[] a default judgment against [a] disobedient party." Fed. R. Civ. P. 37. Generally, this type of sanction is appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted). As noted by the Ninth Circuit, "[l]itigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents." *G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

The Ninth Circuit has a established the following five factors to determine whether case-dispositive sanctions are warranted for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), quoting *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). When a court order is violated, the first and second factor generally support sanctions, and the fifth factor counsels against dispositive sanctions. *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

With respect to the third factor, it is the opinion of this court that Defendant's noncompliance with his discovery obligations and with court orders has been prejudicial to Plaintiff's ability to prosecute this action. Fact discovery in this action was scheduled to close on March 15, 2013. (Dkt. No. 23.) Due to Defendant's refusal to participate in the process in good faith, either with proper responses or in the meet and confer process,

discovery has far exceeded this deadline. Without the relevant information, Plaintiff cannot properly proceed to trial. Defendant has also wasted the resources of opposing counsel (as well as the court) and has willfully failed to reimburse counsel for this wastefulness. Accordingly, this court finds that the third factor weighs in favor of case-dispositive sanctions.

An analysis of the fourth factor also favors dispositive sanctions. The Ninth Circuit has set forth a three-part analysis to determine whether a district court has properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate: (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would be inappropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal. *Adriana Int'l Corp.,* 913 F.2d at 1412-13, (citing *Malone*, 833 F.2d at 130). In this court's order of April 20, 2013, the undersigned compelled discovery responses, awarded sanctions, and advised Defendant that failure to comply would result in a recommendation that his answer be stricken and default entered. (Dkt. No. 42.) Defendant has not served adequate responses to Plaintiff's discovery demands, and he has not tendered payment of the sanctions award as ordered by this court. Defendant was also warned on two other occasions that he was in danger of further sanctions or of being held in contempt of court for failure to comply with a court order. (Dkt. Nos. 44 and 65.) Defendant has unjustifiably delayed discovery, ignored an order of less drastic sanctions, and failed to obey an order to appear before this court. Therefore, the undersigned finds that less drastic sanctions are inappropriate, and terminating sanctions are warranted.

### III. CONCLUSION

In accordance with the findings discussed above, this court **RECOMMENDS** that the district judge **STRIKE** <u>all pleadings</u> by Defendant Benward and enter his default.

The court submits this report and recommendation pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

1 **IT IS ORDERED** that no later than *__August 29, 2013,__* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *__September 5, 2013.__* The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 14, 2013

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court